UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 06-10T |
| | ) | |
| | ) | |
| TYSON FORD | ) | |

**DEFENDANT'S MOTION FOR PRODUCTION OF WITNESS STATEMENTS**

The Defendant, TYSON FORD, by and through his undersigned counsel, pursuant to Rules 26.2 and 32 of the Federal Rules of Criminal Procedure hereby moves the Court for an order requiring that the Government produce all statements of all witnesses the Government intends to call to testify at Mr. Ford's sentencing hearing. In support thereof, the Defendant submits the following:

I. Background

On February 24, 2006, pursuant to a written plea agreement, Mr. Ford pleaded guilty to a two (2) count Information, which charged him with one count of distribution of five (5) grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Ford has been detained since his arrest on October 5, 2005. Sentencing in this case is scheduled for June 23, 2006.

II. Rules 26.2 and 32

Rule 26.2(a) of the Federal Rules of Criminal Procedure essentially provides that after a witness has testified on direct examination, on motion of a party who did not call

the witness, the Court must order the attorney for the Government to produce for the Defendant's use any statement of the witness that is in its possession and relates to the subject matter of the witness's testimony. Rule 32(i)(2) of the Federal Rules of Criminal Procedure makes Rule 26.2 applicable to witnesses called to testify at sentencing hearings. Thus, in the instant case, the Government should be ordered to produce any statements in its possession that relate to the testimony of any witness it calls at Mr. Ford's sentencing hearing.

The Government has indicated that it intends to call Special Agent Edward J. Troiano of the Bureau of Alcohol, Tobacco, Firearms and Explosives as a witness at Mr. Ford's sentencing hearing. Application of Rules 26.2 and 32 of the Federal Rules of Criminal Procedure to the foregoing requires production of all statements of Agent Troiano that relate to his testimony. Specifically, in addition to Reports of Investigation, Forms ATF EF 3120.2 prepared by Special Agent Troiano, Mr. Ford also seeks production of all related hand written notes prepared by the witness, all related logs and diaries maintained by the witness, and all related correspondence prepared by Special Agent Troiano.

According to Rule 26.2, a motion for production of witness statements is to be made following the conclusion of the witness's direct testimony. Thus, this Motion can be considered premature. However, it is being submitted at this time in an effort to minimize the potential disruption to the proceedings that might result from production of Rule 26.2 statements following Special Agent Troiano's direct testimony.

III. Conclusion

In consideration of the foregoing, the Defendant respectfully requests that the Court grant the instant Motion For Production Of Witness Statement and order that the Government produce all statements in its possession that relate to the subject matter of the testimony of any witness it calls at Mr. Ford's sentencing hearing on June 23, 2006.

Respectfully submitted this 13th day of June, 2006.

TYSON FORD, Defendant
By his Counsel,

Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940

CERTIFICATION

I certify that on the 13th day of June, 2006, a copy of the within pleading was mailed, postage prepaid, to the following:

Peter F. Neronha, Esquire
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903